UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVERSAL INTERNATIONAL MAX, LTD., <br><br> Plaintiff, <br><br> v. <br><br> DONALD J PLINER OF FLORIDA, LLC, <br><br> Defendant. | Civil Action No. 20-CV-4192 <br><br> [~~PROPOSED~~] **DEFAULT JUDGMENT** |

This matter comes before the Court upon the request of Plaintiff Universal International Max, Ltd. ("Max"), brought by an Order to Show Cause, for the entry of a final judgment by default against Defendant Donald J Pliner of Florida, LLC ("DJP") for breach of contract, violation of N.Y. U.C.C. § 2-709; and accounts stated.

WHEREAS DJP has failed to respond to the Complaint and/or First Amended Complaint (collectively, the "Complaint"), filed and properly served upon DJP in this action and the deadlines for answering have expired;

WHEREAS DJP has not opposed Max's application for a default judgment and failed to appear at the Court's Show Cause hearing; and

WHEREAS the Court, having considered the Affidavit of Max's counsel, John P. Marston, together with its exhibits; the Affidavit of Max witness Calvin Wei together with its exhibits; and the Damages Statement; together with the affidavits of service of the summonses, the Complaints, the Certificate of Default entered by the Clerk of the Court stating that no answer has been filed by DJP in the instant action in response to the Complaints, and upon all other pleadings and papers on file in this Action:

1

FHBOSTON5208663.3

Case 7:20-cv-04192-KMK   Document 30-1   Filed 01/11/21   Page 2 of 3
Case 7:20-cv-04192-KMK   Document 31   Filed 01/12/21   Page 2 of 3

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows (hereinafter, the "Default Judgment Order"):

**A.     DJP's Liability**

IT IS HEREBY ORDERED that Max's application for default judgment is granted in favor of Max on all claims asserted against DJP in the Complaints.

**B.     Monetary Damages**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because Max has sufficiently set forth a basis in its application for an award of damages, the Court finds that Max is entitled to a liquidated damages award in the amount of one million, two hundred six thousand, five hundred seventy-four U.S. dollars and twenty-six cents ($1,206,574.26), pre-judgment interest in the amount of one hundred seventy-five thousand, eight hundred ninety-five U.S. dollars ($175,895.00), plus attorneys' fees in the amount of fifty-seven thousand, six hundred eighty-eight U.S. dollars and ten cents ($57,688.10), and costs in the amount of one thousand sixty-four U.S. dollars and forty cents ($1,064.40), amounting in total to one million, four hundred forty-one thousand, two hundred twenty-one dollars and seventy-six cents ($1,441,221.76).

**C.     Post-Judgment Asset Transfer and Asset Freeze Order**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

1.     That in accordance with Rule 64 of the Federal Rules of Civil Procedure, Article 52 of New York State's Civil Practice Law and Rules, and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Max would have enforcing this Default Judgment Order, DJP's assets are hereby frozen until Max has recovered the full payment of the Damages Award owed to it by DJP under this Default Judgment Order, to be released and transferred to Max as full satisfaction of the Damages

Award, and transferred to Max through Max's counsel forthwith, and upon receipt by Max's counsel of such frozen assets in full satisfaction of the damages owed by DJP, the financial institution(s) holding those frozen assets and accounts may unfreeze the frozen assets and accounts. To the extent that DJP's frozen assets are less than the damages owed by DJP, those assets are hereby released and transferred to Max as partial satisfaction of the Damages Award and those frozen assets shall be transferred to Max through Max's counsel forthwith; and

    2.    Max shall have the ongoing authority to serve this Default Judgment Order on any financial institutions controlling or otherwise holding such DJP assets and/or financial accounts. Upon notice of this Default Judgment Order, financial institutions holding DJP's assets and/or financial accounts shall immediately locate DJP's financial accounts, attach, and restrain such assets in DJP's financial accounts from being secreted, concealed, transferred, disposed of, or withdrawn; and after twenty (20) business days following the service of this Default Judgment Order on any financial institution holding DJP's assets and/or financial accounts, such financial institution shall transfer all of DJP's assets to Max as partial or full satisfaction of the Damages Award, unless DJP has filed with this Court and served upon Max's counsel a request that such assets be exempted from this Default Judgment Order.

    SO ORDERED this _12_ day of _January_, 2021.

                                                            Judge Kenneth M. Karas
                                                          United States District Judge